Janik v. Saldate Janik v. Saldate Good morning, Your Honor. Mitch Wallace here representing all the plaintiffs. All the allegations contained in the complaint were either not litigated in the prior proceedings at all, or there was no allowance for a full litigation, or they were addressed, they were not essential to the findings. For example, one of the primary allegations in the complaint is that there was a permanent taking of the plaintiff's property. There was no knowledge by any of the plaintiffs that the city intended a permanent taking until after all the prior proceedings had concluded completely. It was only after the conclusion of the proceedings when the plaintiffs attempted to correct conditions on the property and apply for new inspections, and attempt to regain possession of their property, that they discovered the city was not going to allow that, no matter what they did in any case. What are your state remedies for a permanent taking? What are the remedies? Yes. Don't you have to pursue your state remedies on your takings claim before bringing them to the federal court? The permanent taking did not occur until after the conclusion of the state proceedings under your theory. After the taking occurred, the case was right, but you had to pursue your state takings theory before pursuing federal theories. Otherwise, you can't assert the claim here. Have you pursued the state takings remedies? Do you contend you don't have any? How do you get around it? I apologize. I don't know the answer. I thought this was a federal claim under the Fifth Amendment, and that's why you could proceed directly to federal. If that's not correct, then I agree with your comment. It certainly wasn't right under your theory until you concluded your state proceedings, right? There was no taking until the state proceedings were concluded, correct? Correct. Okay. Another issue that was not addressed at all was the search into personal property. All the proceedings were only concerned with the conditions of the real property. There was no issue, no allegation, no charge relating to personal property, yet during the primary search of April 23rd, the personal property, luggage, containers, personal property was searched. So that clearly is a claim raised in the federal complaint that has nothing to do with the prior proceedings that the plaintiffs are entitled to proceed on. The rest of the claims in the complaint were not, there was no opportunity for full litigation, primarily because there were two prior proceedings. The first was a limited Board of Appeal proceeding, and the second was a city court proceeding. In the first, the Board of Appeal proceeding, there was no cross-examination of witnesses allowed at all. At the beginning of the proceeding, it was announced that no other issues of law would be considered. The Board of Appeals didn't have the power. All they had power to do was look at the notice of violation issued by the city inspectors and say, was there conditions on the property that justified the notice or not? That's all they could do. They couldn't look at any due process violations, any search and seizure violations, none of that. They could only look, was the notice valid? There were actually two notices. The first was from the search of the 15th of April. That notice was somehow extinguished or merged into the second notice a week later of April 23rd. The Board of Appeals only was faced with that second NOV. The first NOV was never even part of the There was no basis for that search at all, and there was never a forum to hear that claim at all, because the Board of Appeals only heard and was concerned with the second NOV. Similarly, a few months later, when the city prosecuted one of these parties, Nina Janik, Professor Janik, for all kinds of violations of the Tucson Code, this was just a proceeding similar to the DOA, a proceeding where there were complaints of property violation, and the city court was concerned, were there conditions in the second NOV on April 23rd to corroborate the charges of property violation? That was it. The city court repeatedly ruled during the hearings that nothing could be introduced, no cross-examination could happen about anything except what property conditions were observed or existed on one day only, April 23rd, the day of the illegal search and seizure and eviction of all these people. That was it. It was a very severely limited proceeding, and we knew once proceedings commenced, we couldn't bring any of our claims in that proceeding. We had to go through the proceeding, wait for the judgment, and file an appeal. One of the things that is also egregious that shows how limited and the lack of opportunity for litigation, the city court took the matter under advisement. We had no idea when they were going to issue their decision. They only allowed 10 days from the day they issued their decision to file your notice of appeal, a very small window. I was the counsel of record. I was the attorney representing the plaintiff. I was living in California. The city court clerk waited until the fifth day into the 10-day period to mail me her decision, the decision of the court, regular postage, a 32-cent stamp, to California from Tucson. That notice did not arrive until after the 10-day plus the weekend limit was over. There was no opportunity to appeal at all, and when I brought that up to the Superior Court, we judged, well, I'm sorry that this happened, but we have no power to extend this deadline. You didn't appeal within the 10 days plus the weekend. You have no appeal. Let me ask a couple of questions. Did you file a motion to suppress in the city court proceeding? Not the board, but the city court. A motion to suppress what? The results of the search. To my knowledge, can you start with a yes or no? I don't believe so. Certainly you would know whether you were the attorney, weren't you? Yes. You would know whether you filed a motion to suppress, right? I apologize. This was more than two years ago. My understanding is that when the hearing was finished, then the judge said submit written motions. So we submitted written motions at that time after the hearing was over. Tell us, standing here today, whether you filed a motion to suppress among those written motions. I don't know if it was encaptioned exactly the way you're describing. At that time, we filed about five motions after the hearing was over. It included all these constitutional claims in those motions. But the problem was, during the hearing, when we could have had a chance to provide a factual basis for these claims, we were denied completely the opportunity to cross or to present direct evidence to establish our facts. My next question is, you've described the circumstances under which you received the notice from the city court and how it got to you after the 10-day period. Did you ask the city court for permission to pursue a late appeal? No, sir. Does Tucson City Court Rules of Procedure allow for that? I'm not certain. I don't believe so, but I'm not certain. In any event, you did not. Correct. You waited and pointed that out to the superior court. Yes. Go ahead. Did you move to dismiss the complaint in the city court based in part on exceeding the scope of the administrative search warrant, committing illegal searches of property? Yes, I believe. That was denied? Yes. I'm sorry. Denied. Yes. Correct. In fact, that issue was litigated in city court, wasn't it? Not fully. There was no opportunity because those written motions came after the hearings were over. And during the hearings, when we – Was the motion dismissed based on illegal search, which was denied? Yes, sir. The ruling on the merits. Yes, but the scope of the whole – it wasn't essential to the decision, and the whole scope of the city court proceeding did not require that determination at all. The city court was limited to the allegations of civil infraction. Were there property violations on one day in time? This is the way they do it. It's like a billboard case or traffic violation. Was the lighting too bright on one particular night violating the city ordinance? Was our property – If the court was so limited, why did you file a motion to dismiss? We didn't realize, sir. I had no idea. City court, I think very few lawyers have that experience of practicing and wasn't familiar with how different a venue it was until later. At some point, you believed that you could raise the issue in city court, and as Judge Hawkins, I think, has pointed out, you could have raised it earlier if you raised it at all. If it's a proper motion in city court, you could have filed a pretrial. True? I believe so, but I don't believe there would have been any difference in the outcome. The city court magistrate only wanted information about property conditions on one day in time. None of these other issues were relevant under her direction of the case. We just made these motions to try to establish a record for appeal later. I mean, we thought it was just an exercise. We didn't even think it was germane. You've used your time. Thank you for your argument. We'll hear from the defendant's affilee at this time. Ms. Romero-Wright, good morning. Good morning, Your Honors. My name is Viola Romero-Wright. I represent the city of Tucson and all of the defendants in this case. I would like to start off my oral argument by addressing the questions that you asked of counsel. First of all, I believe Your Honor is correct that in a takings case in Arizona, you must pursue your administrative remedies before pursuing the federal remedies. I submit to you also that Mr. Wallace or the plaintiffs, I'll refer collectively to them as JANIC, did make a takings claim in their motions in the underlying proceedings. And that is in the record, in the appellee supplemental record number 41, where they argue in their motion to dismiss violations of state and federal law. The city has drafted and enforced an ordinance which gives extraordinary discretionary powers to an individual without judicial review to take a citizen's home away without prior notice and without compensation. He argues that this was not right, yet at the time these motions were filed, he argued essentially a takings claim. Second question that was addressed to Mr. Wallace, and I think that is essential to this case, is that the proceedings in city court was not an administrative proceeding. It is a judicial trial. You have a judge? You believe that it was in the proper scope of that trial to determine the validity of the search? Yes, I do, Your Honor. At the police court, the civil infraction is a quasi-criminal type of infraction. A person is served with a complaint, and they are brought into court and face fines for these violations. The trial court, the police court, city court is a police court, and can properly have jurisdiction over Fourth Amendment violations and such, even though it is a civil infraction. And not only did the trial court judge address that in her ruling, but she said that she had jurisdiction to determine these issues, and she did in fact determine these issues. With regard to the judicial nature of the city court proceeding, Janik was represented by not only Mr. Wallace, but Keddie McCormick. They were allowed to cross-examine witnesses. They were allowed to present evidence in defense, and they were allowed to present motions. Your Honor asked Mr. Wallace, did he in fact present motions, and he said, I don't remember. He did in fact present motions on the very same issues that he raised in his federal lawsuit. He presented a motion to dismiss violations of state and federal law. He presented a motion to dismiss illegal search of April 15, 2003. These are in the city's executive record under H, I, J, and K. I submit to you, Your Honor, that these motions, that Janik had a tremendous incentive to pursue these motions to dismiss because she was cited into city court for violations that occurred on her property. When these motions were dismissed, and when these motions were submitted, they asked that the remedy be dismissal of these charges. So she had a tremendous incentive to pursue these motions, and she did in fact pursue these motions. A couple of questions. First of all, on the late appeal to superior court, is there any provision either in city court, police court, as you describe it, or superior court to pursue a late appeal? I am not aware. I don't know the answer to that question. But I don't know if you're aware in the record that that issue was decided by superior court, the issue of whether it was untimely or not, and that's in our record, in the executive record. But the superior court found that under the rules that it was an untimely appeal and therefore prohibited. But that was simply a mechanical application of the time period, wasn't it? Correct. There was no part of that decision was whether it was excusable neglect, reasonable neglect, that sort of thing? Correct. But as you asked Mr. Wallace, he didn't pursue any type of request for an extension, even if there was a provision. Well, he couldn't have requested an extension because, according to his testimony, by the time he got the notice, the 10 days was up, right? Correct. The only avenue, if it existed at all, would have been asking either the city court or the superior court for permission to pursue a late appeal, right? Correct. So under these procedures, a city court clerk could wait until nine days after the decision is reached and then send it out by regular mail to counsel, and that would be okay? The record is there as to when these items were sent, when the judgment was sent. And Mr. Wallace did argue that it was not fair that the superior court upheld the untimely appeal. Does the city or your client have any proof that his description of the circumstances is incorrect? That is, that the clerk waited five days to mail it and then sent it to San Diego by regular mail and that he didn't, in fact, receive it until the 10 days was up? According to the superior court, it says that on January 16, Tucson city court magistrate entered judgment. Notice of the judgment was mailed to Janik's attorney on January 21. That's six days later. Correct. And that's in the record in the superior court ruling. Okay. How about the date that he received it, that counsel received it? Well, he avowed that he did not receive it before he left for vacation and did not receive it until his return on February 2. And I believe that the appeal was due on February 2. It would have been timely if filed on the 2nd? I believe so. That's what the superior court minute order says. It's under L in our experts record. The April 1503 search was based on consent? It is the city's position that they received consent to inspect the property on April 15 of 2003. And that permission was from Jarnagan? Yes. But Jarnagan was not the owner of the property when the city obtained consent, correct? Jarnagan was not the owner of the property. How can he consent? He was a previous owner to the property and he was also... How can a previous owner of a property consent to its search, administrative or otherwise? If you give me a minute, he was not only a previous owner, but he was also the trustee of the property. And that's in the district court's ruling. The information I have is that Jannick purchases the property from Michael Jarnagan and the deed transferring the property to Jannick is recorded in the Pima County Recorder's Office on March 31, 2003. Is that correct? Yes. Is that correct? Yes, that is correct. And that the city contacted Jarnagan and obtained consent to search this property on April 3, 2003? Correct. How can that consent be valid? The consent is valid because Mr. Jarnagan not only would be the previous owner of the property... Well, let's start with that. How can a previous owner of property give consent to its search once the deed has been recorded and that person is no longer the titled owner of the property? He was not only... Okay, just for the moment, we'll get to trustee in just a second. Do you or do you not concede that a person who no longer owns property is incapable of giving consent to its search? Yes, however, in this particular... Let's talk about trustee. How is he the trustee? The deed of trust named him as both the trustor and the beneficiary of the property, and when he sold it to Jannick, it secured an indebtedness to Mr. Jarnagan of $600,000. So a mortgagee could give consent to the search of a property? Well, I submit to you that he was more than that, that he held himself out to the city in representation... If this was transferred pursuant to deed of trust, that means that Jarnagan had some security interest in the property. Is that right? Yes. It's not like he's the trustee under a will or an estate or something like that, right? And essentially, for purposes of secured property law, he's the same as a mortgagee, right? Yes. Well, can a mortgagee give consent to the search of the property? Can the bank that owns the mortgage on my home here in Phoenix give consent to Andrew Thomas and Joe Arpaio to search my house? I would say no, but in this particular circumstance... Even if there's a deed of trust involved? Even if there was a deed of trust involved. So how does that happen here? Because Mr. Jarnagan was the previous owner of the property. He held himself out to be the owner of the property. When city of Tucson officials contacted him, he did not deny that he was the owner of the property on these dates. But it was a matter of law. Now you're slipping into apparent authority. I don't think there really is much doubt that a previous owner cannot give legal consent to a search. Nor can a trustee under a deed of trust. You would agree with that? Correct. So your third theory is he had apparent authority. And what's your best case? Someone with apparent authority can give legal consent. I don't have a case. Any insight to case law? I don't have a case. But I would like to submit to you, however, that those issues that we're here today to discuss the issues and whether the underlying issues had already been determined by a state trial court and whether Mr. Wallace and the plaintiffs in this case had an opportunity to appeal that trial court's ruling. And so the underlying issue... So your final position is even if the state court got it wrong, we can't touch it? Essentially under the Rooker-Feldman doctrine. I don't see how Rooker-Feldman applies to this, honestly. It might be a claim preclusion, but I don't understand. They aren't appealing a decision. What they're doing is they're bringing a constitutional claim. And that's different. Rooker-Feldman only says you can't appeal a decision from the state's highest court to judge the court. That's not what they're doing here. If they label it as an appeal, it would be Rooker-Feldman precluded. But they aren't. You may have a claim on issue. Okay. I've used your time. Thank you for coming in this morning. The case just argued will be submitted decision, and we'll proceed to the next case on the argument calendar.
judges: Hawkins,thomas, Clifton